**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | | |
|---|---|---|
| Jessica Bennett, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:25-cv-03558-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| PennyMac Loan Services, Daniel S. Perotti, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Jessica Bennett, proceeding *pro se*, filed this action against Defendants PennyMac Loan Services and Daniel S. Perotti, alleging claims arising under the Federal Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and the Truth in Lending Act ("TILA"). (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Now before the court is the magistrate judge's second report and recommendation ("Report"), recommending summary dismissal of this action with prejudice, without leave to amend, and without issuance and service of process. (ECF No. 35). Plaintiff filed objections to the Report, (ECF No. 37), and this matter is ripe for review.

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report *to which a specific*

1

*objection* is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing her pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460-61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v.*

*Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985))).

## DISCUSSION

In her objections, Plaintiff does not object to the Report's summary of the facts, construction of her claims, procedural history or the applicable standards of law in this case. (ECF No. 35). Accordingly, the court recounts the facts relevant to Plaintiff's claim only briefly herein.

As noted by the magistrate judge, after the issuance of the first report and recommendation in this action ("First Report"), which recommended dismissal of this action, (ECF No. 14), Plaintiff filed objections and several other documents, including a motion for a temporary restraining order ("TRO"). (ECF Nos. 17, 22, 26, 27). Out of an abundance of caution, this court declined to adopt the First Report and recommitted the matter to the magistrate judge for review of the updated documents. (ECF No. 29).

In this action, Plaintiff alleges that on January 28, 2021, she entered a financing agreement with Defendants to purchase a home ("the Subject Property") for $186,056. (ECF Nos. 1, 1-2 at 1). She alleges that Defendants engaged in deceptive loan collection practices, did not disclose all of the financing terms, and failed to accurately report information to the credit bureaus. (ECF Nos. 1, 1-2 at 1). Plaintiff contends she sent letters to Defendants requesting proof of debt, revoking any power of attorney granted to Defendants, refusing a pre-arbitration demand, and tendering payment to settle the debt. (ECF No. 1 at 3). Plaintiff's cause of action brought pursuant to the FDCPA alleges Defendants did not properly validate her debt upon request and engaged in

3

unlawful collection practices. *Id*. Plaintiff's cause of action brought pursuant to the FCRA alleges the defendants provided false information to the credit bureaus and refused her tender of payment. *Id*. Her cause of action brought pursuant to TILA alleges Defendants did not disclose the material terms of her mortgage. *Id*. at 3–4. Plaintiff seeks money damages and to have the mortgage in question zeroed out. *Id*. at 4.

After Plaintiff filed the instant action, a related state court foreclosure proceeding regarding the Subject Property ("State Foreclosure Proceeding") was initiated in the Spartanburg County Court of Common Pleas. *See* Spartanburg County Public Index, https://publicindex.sccourts.org/spartanburg/publicindex/, (enter 2025CP4206055) (last visited May 28, 2026) ("Public Index").[1] However, the state court subsequently granted Plaintiff's motion to stay that matter pending resolution of this action. *See id*. (select Actions then Master/Order/Form 4 entered May 5, 2026).

### A. *Younger* Abstention

The magistrate judge recommended abstention pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), noting *Younger* abstention may apply in a noncriminal proceeding when there are ongoing state judicial proceedings, the proceedings implicate important state interests, and there is an adequate opportunity to raise federal claims in the state proceedings. (ECF No. 35 at 6–8); *Brown-Thomas v. Hynie*, 441 F.Supp.3d 180, 219 (D.S.C. 2019).

In her objections, Plaintiff contends that *Younger* abstention should not apply because there was not an ongoing state action when the federal action was filed because this action was filed

---

[1] *Phillips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice . . . is in noticing the content of court records.'").

first. (ECF No. 37 at 2–3).  She also contends that because the State Foreclosure Proceeding was stayed, there is no ongoing state judicial proceedings.  *Id*.

Where state proceedings begin against a plaintiff "after a federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of *Younger v. Harris* should apply in full force."  *Hicks v. Miranda*, 422 U.S. 332, 349 (1975).  Here, considerable resources have already been expended addressing the merits of this action in federal court.  The instant action was filed on April 29, 2025.  (ECF No. 1).  The First Report, which addressed the merits of the case, was entered on May 28, 2025, and the State Foreclosure Action was not filed until six months later, on December 1, 2025.  *Compare* (ECF Nos. 14) with Public Index.  Now the magistrate judge has issued the Second Report, which also addresses the merits of Plaintiff's claims.  Furthermore, although stayed actions still qualify as ongoing state judicial proceedings for abstention purposes, here, the state court specifically stayed the State Foreclosure Proceeding so that this court could resolve this case.  *See McAllister v. USAA Fed. Sav. Bank*, No. 4:25-CV-03769-SAL, 2026 WL 560035, at *3 (D.S.C. Feb. 27, 2026); Public Index (select actions then Master/Order/Form 4 entered May 5, 2026).  Based on the foregoing, the court finds that *Younger* abstention is not appropriate in this action.

### B. Standing

The magistrate judge also found Plaintiff may not bring any claims involving the Subject Property because Plaintiff lacks standing as to any such claims.  (ECF No. 35 at 8–9).  The magistrate judge noted that although Plaintiff is a party to the State Foreclosure Proceeding, the Subject Property was conveyed by deed to the Jarb Revocable Living Trust on February 3, 2025, before this action was initiated.  *Id*. (citing Spartanburg County Register of Deeds, https://search.spartanburgdeeds.com/index.php (search Jessica Bennett, open Deed Dated

February 4, 2025) (last visited May 28, 2026)).  The magistrate judge found that "even though Plaintiff may be the trustee for the purported Jarb Revocable Living Trust, she may not represent the trust *pro se* in this action." (ECF No. 35 at 8) (collecting cases).

Plaintiff objected to this finding, arguing that although the Subject Property may have been conveyed to a trust, "the alleged debt collection conduct, disputed reporting activity, and related communications were directed personally toward Plaintiff." (ECF No. 37 at 3).  Plaintiff contends "the alleged FDCPA and FCRA injuries are distinct personal consumer injuries and are not solely dependent upon ownership of the real property itself." *Id*.  Because there is no indication that Plaintiff ceased to be the *mortgage holder* when she transferred the ownership rights of the Subject Property to the trust, based on the information before the court at this time, the court agrees that Plaintiff has standing as to claims brought in this action related to that *mortgage*.

### C. TILA Claim

Plaintiff's TILA claim "appears to seek damages based on TILA because [Defendants] failed to disclose unspecified finance charges when she purchased the Subject Property in January 2021." (ECF Nos. 35 at 9).  The magistrate judge recommended dismissal of Plaintiff's TILA claim as time-barred. (ECF No. 35 at 9–10).  The magistrate judge noted TILA requires that any TILA claim be brought within one year from the date of the occurrence of the TILA violation, and Plaintiff did not bring her claim until more than four years after the relevant dates in 2021. *Id*. (citing 15 U.S.C. § 1640(e)).  Plaintiff did not object to this finding.  As such, having found no clear error, the court dismisses Plaintiff's TILA claim.

### D. FDCPA Claim

Plaintiff's FDCPA Claim is based on her assertion that Defendants did not properly validate debt upon request and engaged in unspecified unlawful collection practices.  (ECF No. 1

at 3).  The magistrate judge found that documentation provided by Plaintiff to the court "confirmed in writing the amount owed and where the amounts came from (unpaid mortgage payments beginning in 2024) – in compliance with what is required under the law."  (ECF Nos. 35; 17-5 at 3–4; 17-6 at 3–4); *see Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999). ("[V]erification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt.").  In her objections, Plaintiff makes the conclusory assertion that "validation deficiencies remained unresolved."  (ECF No. 37 at 4).  However, Plaintiff does not address the magistrate judge's conclusion that the letters that she provided show that Defendants complied with the applicable law.  The court agrees with the magistrate judge's analysis and conclusion that the letters complied with the applicable law and overrules Plaintiff's objection.

### E.  FCRA Claim

In Plaintiff's FCRA claim, she seeks damages from Defendants "based upon the alleged information reported on her credit report."  (ECF No. 1 at 3).  The magistrate judge recommended dismissal of this claim "because only the government can enforce FCRA claims under 15 U.S.C. § 1681s-2(d)[,]" and 15 U.S.C. §§ 1681n or 1681o "involve penalties for violations of the FCRA, not a legal basis for [Plaintiff's] alleged FCRA claims in this matter."  (ECF No. 35 at 12–13).   In her objections, Plaintiff merely contends the Report prematurely resolves disputed factual issues concerning disputed credit reporting activity and "disputed information continued to be reported during the pendency of those disputes[,]" but she does not address the magistrate judge's finding that there is no statutory basis for her claims.  (ECF No. 37 at 4).  Because Plaintiff has not specifically objected to that finding, the court must only review for clear error.  Having found none, the court adopts the findings of the magistrate judge.

The magistrate judge noted that Plaintiff's purported proffered tender of payment was "'utilizing the Principal's interest' . . . *not* by payment of actual money, valid credit, or a true negotiable instrument." (ECF No. 35 at 12). As such, the magistrate judge found "any FCRA violation based on the purported proffered payment is frivolous in nature and subject to dismissal." *Id*. Plaintiff does not address this finding in her objections. Finding no clear error in the magistrate judge's finding, the court finds such claim is frivolous and subject to dismissal.

### F. Motion for Temporary Restraining Order

Plaintiff filed a motion for a TRO seeking an order staying proceedings in the State Foreclosure Action while this case is pending. (ECF No. 26). The magistrate judge recommended denying that motion because this case should be dismissed and because Plaintiff cannot show irreparable harm since the State Foreclosure Action was stayed pending resolution of the instant matter. (ECF No. 35 at 5–6). Plaintiff did not object to this recommendation. Having found no clear error, the court denies Plaintiff's motion for TRO.

### G. Without Leave to Amend

The magistrate judge recommended dismissal of Plaintiff's action with prejudice, without leave to amend, and without issuance and service of process because "[P]laintiff cannot cure the defects identified . . . by amending her complaint." (ECF No. 35 at 14). Plaintiff objects arguing such a disposition is disfavored where "the District Court previously declined to adopt dismissal, no Defendant has yet answered, no discovery has occurred, and no adversarial factual development has taken place." (ECF No. 37 at 5). However, the court finds amendment would be futile and notes that it previously declined to adopt dismissal so that new information provided by Plaintiff could be considered, but despite consideration of that additional information, dismissal is still warranted. (ECF No. 29). Furthermore, Plaintiff has not submitted any proposed amendment or

indicated how amendment would result in a different outcome. *See Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (finding a court did not abuse its discretion in dismissing a complaint with prejudice where the plaintiff's requests to amend were found in a footnote to a response and the final sentence of objections and the plaintiff did not present the district court with a proposed amended complaint). Based on the foregoing, Plaintiff's objection is overruled, and dismissal shall be with prejudice and without leave to amend.

### H. Redemptionist or Sovereign Citizen Theories

Plaintiff also objects to the magistrate judge's finding that her claims are frivolous because they are premised at least in part on redemptionist or sovereign citizen theories. (ECF No. 37 at 2). Without agreeing or disagreeing with the Plaintiff or the Report, the court declines to address this issue because the court has dismissed all of Plaintiff's claims on other grounds.

### I. Conclusion

The court, having reviewed the Report under the appropriate standard, **ADOPTS** the Report as modified herein. (ECF No. 35). As such, this action is dismissed *with* prejudice, without further leave to amend, and without issuance and service of process. The court also **DENIES** Plaintiff's motion for TRO. (ECF No. 26). The clerk is instructed to inform the Spartanburg County Court of Common Pleas that this case has been resolved.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
May 29, 2026

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

9